IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL HOOD,           ) | |
|     ID #1145308           ) | |
|        Petitioner,      ) | |
| vs.                                  ) | No. 3:09-CV-2035-D (BH) |
|                                                          ) | ECF |
| RICK THALER, Director,        ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal  ) | |
| Justice, Correctional Institutions Division,  ) | |
|        Respondent.     ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

**A.     Factual and Procedural History**

On May 22, 1997, petitioner pled guilty to aggravated robbery in Cause No. JD-35122-X in the 305th District Court of Dallas County and was sentenced as a juvenile to a fifteen-year indeterminate sentence. (Petition (Pet.) at 2; Response, App. A). He was released from the Texas Youth Commission (TYC) on parole under the supervision of the TDCJ Parole Division on October 25, 2001. (Response, App. A). After violating his parole, petitioner returned to TDCJ custody on February 7, 2003. He received jail credit from September 19, 2002, for pre-revocation custody. *Id*.

Petitioner claims that in June 2007, he filed a state habeas application in the 305th District

Court attacking his transfer from the juvenile justice system to the adult criminal justice system without a hearing, but there was no response to his application. (Pet. at 3-4). The Court of Criminal Appeals has no record of any state writ application. (Response, App. B). Neither the Fifth District Court of Appeals in Dallas nor the Texas Supreme Court websites reflect any state application in petitioner's case.[1]

On June 19, 2009, petitioner filed a notice of appeal in the Fifth District Court of Appeals regarding his transfer from the TYC to the TDCJ in 2001. *In the Matter of M.R.H., a Child*, No. 05-09-00725-CV, 2009 WL 3153167 (Tex. App.–Dallas Oct. 2, 2009). The Fifth District Court of Appeals dismissed petitioner's appeal as untimely. *Id.*

**B.** **Substantive Claims**

Petitioner mailed his federal petition on October 20, 2009. (Pet. at 9). He makes four claims: 1) the parole board violated the Constitution when it charged him with a crime and name that do not exist because the parole board does not have a penal code and convicted him under the name Hood, Michael, rather than Michael Hood; 2) the parole board violated the Constitution when it used erroneous information in his prison file to deny him parole when Hood, Michael was submitted for parole review, rather than Michael Hood; 3) the parole board violated the Constitution by sentencing him to an illegal fifteen-year prison term based on an enhanced penalty when he was convicted under the name Hood, Michael; and 4) the Juvenile Justice system violated his due process rights when he was transferred from that system to the adult criminal justice system without a hearing.

---

[1] *See Ex parte Valle*, 104 S.W.3d 888 (Tex. Crim. App. 2003) (holding that the Texas Court of Criminal Appeals does not have jurisdiction to grant habeas relief to a person adjudicated as having engaged in delinquent conduct when he was a juvenile because such an adjudication is not a felony conviction and suggesting that state courts of appeals have jurisdiction over habeas applications in such cases); *see also In re Altschul*, 236 S.W.3d 453, 456, n. 1 (Tex. App.–Waco, 2007, no writ.) (recognizing that habeas applications regarding a juvenile adjudication are not brought under 11.07 of the Texas Code of Criminal Procedure, but instead under the Texas Family Code and the Texas Constitution).

(Pet. at 7-8, Memorandum (Mem.) at 3, 20-21). Petitioner contends that these grounds are presented for the first time in this Court because he did not become aware that he was convicted under the name Hood, Michael, and was denied parole under that name, until he received a time slip from the prison system on May 20, 2009. (Pet. at 8, Mem. at 7).

The Court ordered respondent to address the issue of whether petitioner's federal petition is time-barred under 28 U.S.C. § 2244(d). (*See* doc. 5). Respondent filed his response on January 29, 2010, and provided certain records to the Court. Petitioner did not file a reply.

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged any state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

All of petitioner's claims concern events that happened after his conviction. The one-year statute of limitations is therefore calculated from the date on which he knew or should have known with the exercise of due diligence the facts supporting each of his claims. 28 U.S.C. § 2244(d)(1)(D). His first three claims appear to center around his argument that his name in TDCJ records is Hood, Michael, rather than Michael Hood. He claims that the parole board "convicted" him under the wrong name and denied him parole under the wrong name.

The parole board did not convict petitioner of aggravated robbery. His adult parole for the fifteen-year sentence from juvenile court was revoked on October 15, 2002, (Resp, App. C at 2), and he returned to TDCJ custody on February 7, 2003. With regard to subparagraph (D) of 28 U.S.C. 2244(d)(1), the facts supporting petitioner's first and third claims became known or could have become known with due diligence by petitioner when he was returned to TDCJ custody because he should have known by that date at the very latest how his name was listed in the TDCJ system. Likewise, the facts supporting petitioner's claim that he was denied parole under the incorrect name became known or could have become known on October 24, 2005, the first date that he was denied parole. (Resp., App. C at 2). The date on which the facts underlying petitioner's fourth claim regarding his transfer to TDCJ became known or could have become known was October 25, 2001, when he was transferred and released on supervision. Because petitioner filed his petition more than

4

one year after any of these three dates, a literal application of § 2244(d)(1) renders his October 20, 2009, filing untimely.[2]

**B. Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). According to petitioner, he filed a state habeas petition in 2007, but there is no record of this petition. Even if it was filed, it was filed after the one-year limitations period for petitioner to file a federal petition based on any of the claims petitioner raises had elapsed. Accordingly, a 2007 state application would not toll the limitations period, and the statutory tolling provision does not save the his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). A petitioner "is not entitled to equitable tolling", however, unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presented no argument or evidence that he was prevented from filing either his state writ or his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED** on this 11th day of March, 2010.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE